IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVELYNE TREMAIN, Individually and as Next Friend of Toby Tremain, a minor, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 05-234-GPM ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

After a bench trial, the Court entered judgment in this medical malpractice action filed under the Federal Tort Claims Act (FTCA) in favor of Plaintiff Evelyne Tremain, Individually, in the amount of $1,000,000 and in favor of Plaintiff Evelyne Tremain, as Next Friend of Toby Tremain, a minor, in the amount of $23,554,880. Defendant then filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). That motion is granted in part and denied in part.

The sad facts of this case are adequately stated in the Court's Memorandum and Order of May 31, so they will not be repeated here. Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). A "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation omitted). Such motions may not be used to relitigate issues already considered or to present arguments that could have been addressed

previously. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Publishers Res.*, 762 F.2d at 561; *cf. Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures" and does not "allow a party to introduce new evidence or advance arguments that could and should have been presented to the court prior to the judgment").

**I. Whether the awards are capped by the amount sought in Plaintiff's administrative claims**

It is clear that Evelyne properly filed a claim on behalf of herself. Two administrative claims were lodged in this matter – one naming Evelyne Tremain, as mother and next friend of Toby Tremain, a minor, as the claimant and the other naming Evelyne Tremain as the claimant (*see* Doc. 82, Ex. 1). If this were not enough, the claim filed on behalf of Toby lists his date of birth as 4/28/03, while Evelyne's claim lists her date of birth as 9/29/64. Notably, each personal injury claim is for $20,000,000.

Defendant's argument – that Toby's damages are limited to those sought in the administrative process – is well-founded. The FTCA provides: "Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). Plaintiff sought $20,000,000 on behalf of Toby in the administrative claim and in her response seeks leave to attempt to show how Toby's damages have changed since Plaintiff filed the administrative claim. Toby's damages will be reduced to the amount sought in the administrative process, and Plaintiff will not be granted leave, post-trial, to present newly discovered evidence that was not discoverable at the time the administrative claim was filed. Toby was, is now, and will always be profoundly injured. The trial

is over.

Plaintiff objects to the Court's $1,000,000 award for Evelyne's emotional distress damages and argues that the Court improperly applied Illinois law. Plaintiff did not file a post-trial motion. Nonetheless, the Court will address Plaintiff's argument. Plaintiff, relying primarily on *Corgan v. Mueling*, 574 N.E.2d 602 (Ill. 1991), argues that the Court erred in failing to apply the impact rule because Evelyne was a direct victim. The Court does not disagree with Plaintiff's analysis of Illinois law. The case relied upon by this Court in its findings and conclusions, *Kapoulas v. Williams Insurance Agency*, 11 F.3d 1380 (7th Cir. 1993), examined *Corgan* and further noted that "several Illinois cases illustrate that a plaintiff may be both a direct victim and a bystander in the same incident for the purposes of determining the source of [her] emotional distress." *Kapoulas*, 11 F.3d at 1382. That was the basis of the Court's analysis and its award, and the Court remains convinced of the propriety of both. The emotional distress that Evelyne experienced stems from giving birth to a profoundly injured child as would be the case for any mother of such a child; her bystander status is not a proximate cause of her emotional distress.

## II. Present Cash Value

Defendant argues that despite *both* parties' experts having testified that inflation outstripped the discount rate, the Court erred in overruling Defendant's objection to Plaintiff's failure to present economic evidence regarding the discount rate. Defendant seemingly believes that since Plaintiff deposed its economist, she was required to offer that evidence. This is not so and it's hard to see why Defendant presses this point, since the abandoned inflation argument cuts in favor of Plaintiff.

Plaintiff argues that the Court should have awarded Toby damages for loss of future earning capacity and that those damages should be reduced to present cash value. Despite Plaintiff's failure to file a motion to amend the judgment, the Court briefly will address this argument. To be clear,

the Court did not award damages for loss of future earning capacity and will not do so for the reasons stated in its findings and conclusions. Here Plaintiff relies on figures purportedly calculated by a Dr. Ireland. Dr. Ireland did not testify at trial, and no such evidence was submitted at trial. The Court referred to Toby's non-economic damages as "the remaining elements of damages," and they need not be reduced to present cash value.

## III. Post-judgment interest

Defendant's argument regarding post-judgment interest is not clear. This Court models its judgments on the Appendix of Forms appended to the Federal Rules of Civil Procedure. The provision of interest is provided by the statutes cited by Defendant, and the wording of the judgment entered in this case is in accordance with these statutes and the law. That the Government is not required to pay interest on FTCA judgments until they become final after review on appeal, or the Attorney General determines that no appeal shall be taken, does not mean that interest does not accrue from the date of judgment. Because the judgment in this case is being reduced with respect to Toby's damages, the amount of interest accrued thereon will be reduced accordingly; but it is accruing nonetheless (assuming, of course, that the Government has in fact filed a transcript of the judgment with the Secretary of the Treasury).

## IV. Tricare Benefits

Defendant continues to seek a set-off for future Tricare benefits that Toby may receive. This Court has addressed this issue repeatedly. Defendant is correct that statutes currently provide coverage for Toby, as an incapacitated dependent, regardless of what happens to Steve Tremain in the future. *See* 10 U.S.C. § 1072(2)(D)(iii). But, this is beside the point. As aptly stated by Plaintiff in her response, this is "a matter of collection rather than amendment of the judgment" (Doc. 127, p. 10). The Court again rejects Defendant's argument for set-off. If the United States seeks

the Court did not award damages for loss of future earning capacity and will not do so for the reasons stated in its findings and conclusions. Here Plaintiff relies on figures purportedly calculated by a Dr. Ireland. Dr. Ireland did not testify at trial, and no such evidence was submitted at trial. The Court referred to Toby's non-economic damages as "the remaining elements of damages," and they need not be reduced to present cash value.

## III. Post-judgment interest

Defendant's argument regarding post-judgment interest is not clear. This Court models its judgments on the Appendix of Forms appended to the Federal Rules of Civil Procedure. The provision of interest is provided by the statutes cited by Defendant, and the wording of the judgment entered in this case is in accordance with these statutes and the law. That the Government is not required to pay interest on FTCA judgments until they become final after review on appeal, or the Attorney General determines that no appeal shall be taken, does not mean that interest does not accrue from the date of judgment. Because the judgment in this case is being reduced with respect to Toby's damages, the amount of interest accrued thereon will be reduced accordingly; but it is accruing nonetheless (assuming, of course, that the Government has in fact filed a transcript of the judgment with the Secretary of the Treasury).

## IV. Tricare Benefits

Defendant continues to seek a set-off for future Tricare benefits that Toby may receive. This Court has addressed this issue repeatedly. Defendant is correct that statutes currently provide coverage for Toby, as an incapacitated dependent, regardless of what happens to Steve Tremain in the future. *See* 10 U.S.C. § 1072(2)(D)(iii). But, this is beside the point. As aptly stated by Plaintiff in her response, this is "a matter of collection rather than amendment of the judgment" (Doc. 127, p. 10). The Court again rejects Defendant's argument for set-off. If the United States seeks

reimbursement for costs paid for Toby's care, there is a process by which that can be done, but not in this case.

**V. Schooling Costs**

Defendant contends that there should be a set-off for the cost of care while Toby is in school. Specifically, Defendant argues that the burden of caring for Toby should fall on the school system under the Individuals with Disabilities Education Act (IDEA). This Court disagrees. First, there is the obvious problem as to how such a set-off should be calculated. And, if Toby is introduced to the Court of Appeals, the judges will see that he will not be educated in any ordinary sense of that term and that the idea he will be spending much time in school is preposterous. The district court case from North Dakota upon which Defendant relies has no precedential value, *see, e.g., RLJCS Enters. v. Professional Ben. Trust Multiple Employer Welfare Ben. Plan & Trust*, 487 F.3d 494, 499 (7th Cir. 2007) ("decisions of district judges have no authoritative effect"), and this Court will not reconsider its earlier findings and conclusions in this regard.

For the foregoing reasons, Defendant's motion to alter or amend the judgment (Doc. 120) is **GRANTED in part**, such that the judgment entered in favor of Plaintiff Evelyne Tremain, as Next Friend of Toby Tremain, a minor, is reduced to the sum of $20,000,000. In all other respects, the motion is **denied**, and the judgment remains in effect as previously imposed.

**IT IS SO ORDERED.**

DATED: 02/08/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge